

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN ·                   AUSTIN 11, TEXAS

J██████████████████
  ████████████████

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:                              Opinion No. O-3519
                                       Re:  Interpretation of Article 6
                                            of House Bill 8, 47th Legis-
                                            lature.

        In your letter of May 9, 1941, you request our opinion
in response to these questions arising under Article 6 of House
Bill 8, 47th Legislature, to-wit:

        ". . .

        "1.  If a person assembles and registers a re-
built car, is there a tax to be paid; if so, on what
value is the tax to be computed?

        "2.  The following question was submitted to
this department by the Chevrolet Motor Company:
'Chevrolet Motor Division secures licenses for new
cars which are issued to Chevrolet officials to use
in handling our business throughout the State of
Texas.  These cars are maintained in this service
for approximately five thousand miles and are then
sold and transferred to Chevrolet Dealers as new car
demonstrators and are sold by the dealers at retail.
Will we be required to pay the one per cent tax on
these cars at the time we issue them to our officials
and take out licenses for their operation?'

        "3.  A dealer sells a motor vehicle equipped
with radio, heater, and like attachments, adding to
the list price of the vehicle the list price of the
radio, heater, etc.  Is the tax to be computed on
the list price of the car or the total amount paid
for the car, the radio, the heater, etc.?

        "(a)  House Bill No. 8 also provides for a
gross receipts tax to be paid by the dealer in 'new
radios.'  If you answer the foregoing question that
the purchaser of the car is required to pay the tax
on the total price of the car, the radio, the heater,

etc., then would the same dealer be required to pay a gross receipts tax for the sale of this radio?

"4. In cases of repossession of motor vehicles where the ownership reverts to the seller or to the lien holder, or where the original sale was made under a conditional sale contract, as the case might be, would there be a tax due on the passing of the title to the seller or the lien holder?

"5. Is a car purchased in another state and operated in such other state for a period of time before being brought to Texas for regular use subject to the tax as outlined in the second paragraph of Section 5 of Article VI.?

"(a) Such car was purchased by present owner prior to May 1, 1941.

"(b) Such car was purchased in such other state subsequent to May 1, 1941, but operated in such other state for some time before being brought to Texas.

"(c) If such car were purchased in 1941 but not brought to Texas until 1945, on what value would the tax be computed?

"6. (a) A purchaser buys from the dealer a truck-chassis and factory made trailer at the same time. Is the total price of both truck and trailer to be considered when computing the tax?

"(b) In another case the purchaser buys the chassis from the dealer and the trailer from another party on the same date; is the total price of both chassis and trailer to be considered when computing the tax?

"(c) Would it make any difference if the chassis and the trailer were bought at different dates, as far as the tax levy is concerned?

"In this connection we are referring to trailer as the truck bed or the tandem which is always an actual part of the truck itself when in use."

You have subsequently advised us that in your question No. 5 you have reference to non-residents only, and our answers to it will apply to them only.

We answer your first question in the negative. The tax is not levied except in the case of a sale. In our opinion, Section 5 of Article 6 was not meant to exclude registration or transfer

except in those cases falling within the tax levy and where the tax has not been paid. The transaction mentioned in this question is not a sale of a motor vehicle and is not taxed by the statute. Hence, Section 5 does not forbid the registration.

If we understand your second question correctly there is no sale of these cars to the officials, but they remain the property of the Chevrolet Motor Company and are merely used by such officials in the business of the Company. If this be true, then we answer this question in the negative. If such are not the facts we would appreciate information in more detail concerning the nature of the transaction.

The tax is levied on the total consideration, "which consideration shall include the amount paid or to be paid for said motor vehicle and all accessories attached thereto at the time of the sale". Section 1 (a). If the radio, heater, and like attachments are attached to the vehicle at the time of the sale we are of the opinion that the tax will be computed on the total amount paid for the car and such accessories. This is in answer to the first part of your third question. Replying to the second part of this question, it is our view that upon being attached to the car the radio becomes a part thereof, losing its identity as a radio and taking it out of the tax levied on new radios by Article 10 of said House Bill 8. We therefore answer question 3(a) in the negative.

We now concern ourselves with your fourth question. As we understand you the repossession which you speak of is in the nature of a foreclosure, that is, the vehicle is repossessed under the power given in the mortgage or conditional sales contract, in a case where the note given for all or a part of the purchase price is in default. It is our opinion that such a transaction is not subject to the tax. Technically speaking, it may be that the title passes but as a practical matter the transaction, rather than being a sale within itself, represents the failure of the original sale.

No tax is due under any of the fact situations outlined in your fifth question. The "use" tax levied by Section 2 is confined to residents of this State, while as already indicated your question relates only to non-residents.

We pass to a consideration of your sixth question. In our registration statutes, trailers and semi-trailers are considered as different vehicles from the truck to which they may be attached. Motor vehicles, trailers and semi-trailers are each defined in Article 6675a-1, Vernon's Annotated Civil Statutes. The license fees payable on trailers and semi-trailers are fixed in Article

6675a-8. Article 6 of House Bill 8 speaks only of motor vehicles. In Section 5 thereof it is provided:

"Sec. 5. The taxes levied in this Article shall be collected by the Assessor and Collector of Taxes of the county in which any such motor vehicle is first registered or first transferred after such a sale; the Tax Collector shall refuse to accept for registration or for transfer any motor vehicle until the tax thereon is paid.

". . ."

It is our opinion that trailers and semi-trailers required by Article 6675a to be separately registered may not be considered a part of the truck to which the same may be attached, nor as an accessory thereto. And House Bill 8 levies no tax upon the sale of such trailers and semi-trailers. Hence, we answer your sixth question in the negative throughout, if the "trailer" which you mention is a trailer or semi-trailer as defined in Article 6675a. If a vehicle different from that is involved please obtain and submit closer details.

APPROVED MAY 23, 1941

/s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  /s/ Glenn R. Lewis
     Glenn R. Lewis
          Assistant

GLR:mp:lm

APPROVED
OPINION
COMMITTEE
BY /s/ BWB
CHAIRMAN